# SESKIN v TRAVELERS INDEMNITY COMPANY
## Case No. 84-269 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 10, 1986

### APPEARANCES OF COUNSEL

**Eugene H. Steele** for appellant.

Before NADLER, KAYE, FEDER, JJ.

### OPINION OF THE COURT

PER CURIAM.

REVERSED AND REMANDED.

This is an appeal from the County Court of Dade County, Florida. The case involves a complaint for property damage sustained as a result of an automobile accident when the vehicle of the plaintiff, the Appellee below, was struck by an on-coming vehicle turning left in front of him.

Appellant raises two issues for consideration by the Court.

The first, relates to the adequacy of service, and can be resolved quickly by this Court recognizing that individual serve was affected upon the Appellant on December 19, 1983 and was not attacked by any pleading in the file. While prior service of September 22, 1983 might have been questionable on the issue of appropriate and proper residence and substituted service, the fact that Appellant was personally served at a later date makes that issue moot and needs no further consideration by this Court.

As to the second point on appeal involving the issue of identity, the Court finds no evidence in the record to support a finding that proper identity was proved.

The only evidence of identity admitted at trial, was the testimony of the Appellee, plaintiff below, that after the accident he learned the name of the driver of the other car, but since the Defendant was not present at the trial, the Appellee admitted that he could not identify the Defendant as the driver of the other car which struck him.

There was however, two means by which the Appellee could have proved identity in this case. The record on Appeal indicates that there were answers to interrogatories by the Appellant in which the Appellant admitted being the driver of the other car and causing the accident, but the Appellee, for reasons known only to him, declined to make the answers to those interrogatories part of the trial evidence. Appellee did not issue a subpoena to the Defendant to appear at the trial. Had such subpoena been issued, the issue of identity might have been resolved without question. We cannot suppose what stratagems or tactics were utilized by the Appellee in the conduct of the trial, but suffice it to say that in the absence of either of these two remedies, there was insufficient evidence in the record to establish the identity of the Defendant.

The Court cannot accept Appellee's argument that since the names of the driver of the other car and the Defendant are similar or the same, one can infer that they are one and the same person. The Court is aware that two distinct and different people can have the same and identical name, and unless there is competent evidence to prove which one of the two was involved in the accident, liability cannot attach.

For the reasons stated above, we reverse and remand for entry of a judgment in favor of Appellant.